IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MANDY TAYLOR**                                                            **PLAINTIFF**

Vs.                                                      CAUSE NO. 3:15cv187-MPM-SAA

**DESOTO COUNTY, MISSISSIPPI;**
**DEPUTY CHARLES BRYAN ANDREWS,**
in his individual capacity; JOHN DOES 1 through 3
in their individual capacities, all of which whose
names are presently unknown but will be substituted
by amendment when ascertained                        **DEFENDANTS**

                                                                               **JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff states her causes of action for damages for violation of her rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §1983, as follows:

### I.
### JURISDICTION AND VENUE

1. The Court has jurisdiction over this lawsuit because it arises under federal law, 42 U.S.C. § 1983.

2. Venue is proper in the Northern District of Mississippi under 28 U.S.C. §1391.

### II.
### PARTIES

3. Plaintiff **MANDY TAYLOR** (hereinafter "Taylor") is an adult resident citizen of Desoto County, Mississippi, residing in Olive Branch, Mississippi.

4. Defendant **DESOTO COUNTY** is a county organized and formed under Mississippi law, whose agent for service of process is Bill Russell, the President of the Board of Supervisors for the County, whose address is 365 Losher Street, Hernando, Mississippi 38632. Defendant Desoto County operates and maintains a law enforcement agency known as the Desoto County Sheriff's Department. At all times pertinent to this cause of action, Defendant Desoto County acted under color of law.

5. Defendant **DEPUTY CHARLES BRYAN ANDREWS** was at all relevant times a jailer and/or deputy sheriff of DeSoto County, Mississippi, and on information and belief is an adult resident citizen of DeSoto County.

6. Defendants **JOHN DOE 1 THROUGH JOHN DOE 3** were at all relevant times jailers and/or deputy sheriffs of DeSoto County, Mississippi, and on information and belief are adult resident citizens of DeSoto County.

### III.
### FACTS

7. During the early morning hours of August 29, 2015, Plaintiff Mandy Taylor, was arrested by Horn Lake, Mississippi police officers for a misdemeanor traffic offense and was transported to the Desoto County jail in Hernando, Mississippi for booking.

8. Upon her arrival at the Desoto County jail, Taylor was issued and dressed out in a pink jumpsuit and placed in a holding cell by herself to await booking.

9. Inside Plaintiff's holding cell was a telephone, on which she was permitted to place a call to a friend to request assistance making bail and obtaining a ride home upon her release.

10. While Plaintiff was in the process of using the phone, the holding cell door opened and Plaintiff was ordered by Defendant Deputy Charles Bryan Andrews (hereinafter "Andrews") to exit the holding cell. Plaintiff fully complied with Andrews' orders.

11. After exiting the holding cell, Plaintiff was instructed by Andrews to turn around and place her hands on the wall. While Plaintiff was complying with the command, she jokingly asked Andrews if he wanted her to "do the hokey pokey." After making this comment, Andrews, without cause or justification, viciously attacked Plaintiff, lifted her off the ground, and physically threw her across the room onto the concrete floor. Plaintiff struck her head and face on the concrete floor resulting in a large laceration over her left eye that required emergency medical attention, including multiple stitches. Plaintiff suffered other numerous injuries as a result of this attack.

12. Andrews' actions were (in part or whole) in retaliation for Plaintiff speaking to him while placing her hands on the wall.

13. After Plaintiff was slammed to the floor, other Desoto County jailors got on top of her back and assisted Andrews in holding her face down. While Plaintiff was being held by the officers and handcuffed, Andrews repeatedly shocked Plaintiff with a *TASER* gun on her back until she lay unconscious and motionless on the ground. This all occurred while Taylor was secured by jail officers and was utterly defenseless.

14. At no time prior to being attacked by Defendant Andrews did Taylor ever offer any resistance, or in any way verbally or physically threaten any of the jail personnel. This attack was completely and utterly unprovoked.

15. As a proximate result of the physical abuse of Taylor by Defendants Andrews, and John Does 1 through 3, individually or collectively, Taylor incurred physical pain and suffering, permanent scarring, permanent injuries, shock, fear and humiliation. She has also incurred medical expenses associated with this assault.

16. Defendants Andrews and John Does 1 through 3 at all relevant times acted under color of state law and within the course and scope of their employment as sheriff's deputies at the time of the events at issue.

17. At all times relevant to this lawsuit, Defendant Desoto County had policies, practices, and/or customs in place that encouraged and/or enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. These policies, practices, and/or customs tolerated and/or encouraged gross misconduct of its agents by failing to adequately screen for hiring, supervise, discipline, and/or train its officers/jail personnel.

18. The Desoto County jail was equipped with video surveillance which recorded the incident herein described. Upon information and belief, the Desoto County Sheriff's Department internal affairs department conducted an investigation into the incident involving Plaintiff, including but not limited to a thorough review of the video surveillance of this incident and interviews of the jailors involved. Upon information and belief, internal affairs concluded that Andrews' actions were entirely justified; Andrews was not disciplined, and the investigation was closed.

## IV.
## DAMAGES

19. As a proximate result of the intentional, sadistic, wanton and malicious acts of Defendants, Plaintiff suffered violent physical abuse, severe physical injury, physical pain and

suffering, medical expenses, and fear and humiliation. She has incurred medical expenses associated with this assault.

## V.
## FEDERAL CLAIM

20.     Plaintiff incorporates herein all prior paragraphs of this Complaint.

### COUNT 1

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO 42 U.S.C. § 1983

21.     Plaintiff hereby incorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

22.     On the occasions complained of, Defendants' actions or inactions were objectively unreasonable, unnecessary, and excessive.

23.     Defendants, acting in concert and under color of state law with callous disregard and sadistic intention, violated pre-trial detainee Taylor's well-established rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of her person, to be free from the use of unreasonable, unnecessary, and excessive force, and to be free from the infliction of cruel and unusual punishment.

24.     Upon information and belief, Andrews' attack on Plaintiff was the result of retaliatory animus on the part of Andrews for Plaintiff's exercise of her right to free speech under the First Amendment.

25.     Defendant Desoto County had polices, practices, and/or customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. These policies, practices, and/or customs tolerated and/or encouraged gross

misconduct of its agents by failing to adequately screen for hiring, supervise, discipline, or train its police officers/jail personnel.

26. As a direct and proximate result of the Defendants' conduct, policies, customs, and/or practices as set out herein, Plaintiff was damaged, in that she was caused to suffer and will continue to suffer in the future, among other things, extreme fear, embarrassment, humiliation, emotional distress, and physical injuries.

27. Plaintiff is entitled to recovery of attorney's fees and expenses from Defendants pursuant to 42 U.S.C. § 1988.

28. The conduct of the individual defendants was objectively unreasonable in light of clearly established law at the time of the conduct. The force applied by the individual Defendants was not applied in a good faith effort to restore order, but rather was applied with malicious and sadistic intent to cause harm to Plaintiff. As a result of the willful, gross and oppressive conduct of the Defendants, Plaintiff claims punitive damages of the individual Defendants.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

That process be issued in accordance with law to the Defendants and that Plaintiff be granted a jury trial and judgment from and against the defendants as follows:

   i.   Reasonable compensatory damages from and against each defendant, individually, jointly, and severally, as appropriate;

   ii.  Punitive damages from Defendants in their individual capacities in an amount reasonably calculated to punish each Defendant and to deter

       similar conduct by other law enforcement personnel/agencies and others similarly situated.

iii. Plaintiff's costs of court, including reasonable attorney fees and expenses pursuant to 42 U.S.C. §1988 and state law;

iv. General Relief.

                     **RESPECTFULLY SUBMITTED,**

                     **MANDY TAYLOR**

By:    s/ Philip A. Stroud_____
          PHILIP A. STROUD, MSB 99401
          BRANDON L. FLECHAS, MSB 102283
          5779 GETWELL ROAD, BUILDING C-1
          SOUTHAVEN, MISSISSIPPI 38672
          662-536-5656 phone
          662-536-5657 facsimile

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY AS TO ALL COUNTS HEREIN.**

                BY: s/ Philip A. Stroud_____
                    PHILIP A. STROUD