IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MANDY TAYLOR**                                                     **PLAINTIFF**

**VS**                          **CAUSE NO. 3:15-CV-187-MPM-SAA**

**DESOTO COUNTY, MISSISSIPPI;**
**DEPUTY CHARLES BRYAN ANDREWS,**
in his individual capacity; **JOHN DOES 1 through 3**
in their individual capacities, all of which whose
names are presently unknown but will be substituted
by amendment when ascertained                    **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

**DEFENDANTS,** Desoto County, Mississippi, and Deputy Charles Bryan Andrews, in his individual capacity, respectfully submit their Answer and Affirmative Defenses to the Complaint filed herein by Plaintiff, Mandy Taylor, to wit:

### First Affirmative Defense

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named or unnamed. Further, the Complaint fails to state a claim against these Defendants upon which relief may be granted under Monell v. Dept. of Social Services, 436 U.S. 653 (1977). Plaintiff's Complaint should accordingly be dismissed.

### Second Affirmative Defense

*(Motion to Dismiss State Law Claims)*

Plaintiff's Complaint and all claims under state law asserted therein are barred under the

1

provisions of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) & (n) (Supp. 1997), which preclude any tort claim by an inmate under state law against a governmental entity or any employee thereof acting within the course and scope of their employment. Precedent from this Court warrants application of the inmate exemption to an inmate claim filed in federal court. Phillips v. Monroe County, 143 F. Supp. 2d 663 (N.D. Miss., 2001). Moreover, the Complaint and the relief sought therein are barred under the notice provisions of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-11 (Supp. 2000). Defendants move for dismissal of Plaintiff's state law claims pursuant to *Fed. R. Civ. Proc.* 12(b)(6). Alternatively, Defendants state that there are no facts which remain at issue as to either Plaintiff's status as an inmate or the date of occurrence of the alleged accident, and moves for judgment on the pleadings pursuant to *Fed. R. Civ. Proc.* 12(c). Defendants pray for an early determination of this issue in the interest of judicial economy.

### Third Affirmative Defense

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann*. §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

### Fourth Affirmative Defense

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of Sheriff Bill Rasco that was the

moving force behind the alleged injuries sustained by the Plaintiff.

### Fifth Affirmative Defense

Plaintiff's failure to allege violation of any duty by Defendants bars this cause of action.

### Sixth Affirmative Defense

To the extent that any personnel acting within the course and scope of their employment with Desoto County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiff's claims are barred.

### Seventh Affirmative Defense

Without waiving any of the defenses asserted herein, these Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann*. §85-5-7 (Supp 2003). To the extent that Plaintiff suffered injury as a result of the tortious act of one other than these Defendants or as a result of his own fault, either Plaintiff or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence and any recovery to which Plaintiff would otherwise have been entitled must be reduced in accordance therewith.

### Eighth Affirmative Defense

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

### Ninth Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendants' officers and agents involved the use

of discretion, and at no time did any governmental actor acting on behalf of Defendants substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### Tenth Affirmative Defense

At no time did any governmental actor acting on behalf of Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason Plaintiff's claims are barred.

### Eleventh Affirmative Defense

The injuries/damages allegedly sustained by the Plaintiff were not foreseeable to these Defendants, and, therefore, Plaintiff's claim as to these Defendants should be dismissed.

### Twelfth Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants, by reason of the fact that the care and treatment of the Plaintiff, who was a detainee inmate at the Desoto County Jail, far exceeded the standard of decency and humane treatment required by the United States Constitution. Moreover, the jail conditions for inmates at the Desoto County Jail adequately provided the Plaintiff with the minimal civilized measure of life's necessities under the contemporary standard of decency, and those conditions were reasonably related to legitimate correctional and other governmental objectives. Furthermore, the physical design, staffing, training, supervisory techniques, jail management, adequate dietary guidelines, prisoner population, sight lines, communication system and other constitutionally adequate conditions of the Desoto County Jail indicate the ongoing, constitutionally adequate policy, custom and practice of Defendants to

establish and promote constitutional goals in Defendants' correctional facilities and to respond to and take reasonable, necessary and proper actions consistent with clearly established constitutional law. In light of such totality of circumstances, Plaintiff has neither alleged nor can he prove deliberate indifference on the part of Defendants or any governmental actor on behalf of Defendants with respect to conditions of confinement.

### Thirteenth Affirmative Defense

Defendants invoke the provisions of the Prison Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, 28 U. S. C. §§1915, 1932 (Supp. 1997) and 42 U. S. C. §1997(e) (Supp. 1997).

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### Fifteenth Affirmative Defense

The criminal conduct of Plaintiff constituted the sole proximate cause of any injuries she allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiff were not foreseeable to these Defendants, and therefore, Plaintiff's claim as to these Defendants should be dismissed.

### Sixteenth Affirmative Defense

Plaintiff's allegations regarding medical care are insufficient to sustain a cause of action under 42 U.S.C. §1983. Following the Plaintiff's accidental injury, medical attention was immediately provided. Mendoza v. Lynaugh, 989 F.2d 191, 194 (5th Cir. 1993)(there exists no constitutional cause of action for negligent medical care). Stewart v. Murphy, 174 F. 3d 530, 534-

535 (5th Cir. 1999)(Active treatment of a medical condition is not deliberate indifference). <u>Gibbs v. Grimmette</u>, 254 F.3d 545, 549 (5th Cir. 2001), *cert. denied,* 534 U.S. 1136, 151 L. Ed. 2d 983, 122 S. Ct. 1083 (200)(Disagreement with medial treatment is not deliberate indifference.).

**Seventeenth Affirmative Defense**

A governmental entity is only liable under Section 1983 for injuries caused by its policy or custom. <u>Williams v. Lee County Sheriff's Dep't.</u>, 744 So.2d 286, 298 (Miss.1999). Here, there is no identified policy or custom and no issue that the injury allegedly sustained by the Plaintiff was caused by any such policy or custom. <u>Phillips v. Monroe County</u>, 143 F. Supp.2d 663 (N.D. Miss., 2001); <u>Phillips v. Monroe County</u>, 311 F.3d 369 (5th Cir. 2002); Rehearing Denied December 9, 2002, Reported at: 2002 U.S. App. LEXIS 26436(5th Cir. Miss., Dec. 9, 2002); US Supreme Court certiorari denied by <u>Phillips v. Monroe County</u>, 2003 U.S. LEXIS 4438 (U.S., June 9, 2003).

**Eighteenth Affirmative Defense**

To the extent Plaintiff seeks individual liability against any of these Defendants under state law, the provisions of *Miss. Code Ann.* §§11-46-5 and §11-46-7 (1999), are hereby invoked prohibiting individual liability under the provisions of the <u>Mississippi Tort Claims Act</u>. To the extent Plaintiff seeks individual liability against any of the Defendants under state law outside the scope of the <u>Mississippi Tort Claims Act</u>, those claims are barred by expiration of the applicable statute of limitations under *Miss. Code Ann.* §15-1-35 (1983), or, alternatively, are barred by laches, waiver and estoppel. Accordingly, the Defendants move for a dismissal of any claims alleging individual liability under state law pursuant to *Fed. R. Civ. Proc.* 12(b)(6).

**Nineteenth Affirmative Defense**

Punitive damages are not cognizable against Desoto County or the named Defendants in their

official capacities under §1983. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

### Twentieth Affirmative Defense

These Defendants are not responsible for any condition of Plaintiff that pre-existed the events which made the basis of this Complaint.

### Twenty-First Affirmative Defense

All terms and conditions of the incarceration of the Plaintiff were rationally related to legitimate penological objectives and not vague or over broad as applied to the inmates of the Desoto County Jail. Turner v. Safley, 482 U. S. 78, 96 L.Ed.2d 64, 107 S.Ct. 2254 (1987); Shaw v. Murphy, 532 U. S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001).

### Twenty-Second Affirmative Defense

Relief under 42 U.S.C. §1983 in the form of either official capacity liability or supervisory liability is not available to those seeking to address private disputes with individuals not employed by Desoto County, Mississippi. Thus, Defendants are not legally responsible for any acts of private persons not employed by Prentiss County, and any damage to which the Plaintiff would be entitled, if any, resulting from the acts of any said person or entity is not a recovery which can be legally assessed to Desoto County, and, therefore, any such claim of the Plaintiff should be dismissed. Landry v. A. Able Bonding, Inc., 75 F.3d 200 (5th Cir. 1996).

### Twenty-Third Affirmative Defense

Plaintiff's allegations of negligence are not cognizable under either the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-1 (1993) *et seq*., as amended, or 42 U.S.C. § 1983. Moreover,

there is nothing alleged by Plaintiff which implicates the Fourth Amendment of the United States Constitution. The frivolous nature of these allegations are so clearly established that Defendants are entitled to reimbursement of fees and costs under the <u>Prison Litigation Reform Act</u>, *Fed. R. Civ. Proc.* 11, the Litigation Accountability Act of 1988 and 42 U. S. C. §1988.

## Twenty-Fourth Affirmative Defense

The injuries/damages allegedly sustained by the Plaintiff are the direct proximate result of her own conduct for which she is responsible to the exclusion of these Defendants, and, therefore, the First Complaint should be dismissed.

## Twenty-Fifth Affirmative Defense

*Answer*

Without waiving any of the defenses previously asserted, Defendants Answer as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Denied.
7. Admitted.
8. Admitted.
9. Denied.
10. Denied.
11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendants re-state their admissions and denials above.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**AND NOW, HAVING FULLY ANSWERED** the Plaintiff's Complaint, Defendants pray that this Court grant the following relief:

(a) That the Court hear and determine Defendants' motion to dismiss at an early stage of litigation so that the multiple unnecessary legal issues raised by Plaintiff's Complaint can be reduced to those deemed cognizable under clearly established law;

(b)     That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(c)     Further, that in conjunction with the dismissal of Plaintiff's Complaint with prejudice, Defendants be awarded and do recover from Plaintiff all of their costs, attorney's fees and expenses associated with the defense of the instant civil action, on the ground that said Complaint is legally and factually unsupportable, and has been filed without substantial justification or without an arguable basis in law, and that such sanctions be imposed pursuant to the Prison Litigation Reform Act, *Fed. R. Civ. Proc.* 11, and, alternatively, that Defendants be awarded costs and attorney's fees pursuant to 42 U. S. C. §1988, as this Court may deem appropriate; and,

(d)     That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever.

**RESPECTFULLY SUBMITTED** this 21st day of December, 2015.

                        **DEFENDANTS**

                  By: */s/ Daniel J. Griffith*
                      Daniel J. Griffith, MS Bar No. 8366
                      Attorney for Defendants, Desoto County, Mississippi, and Deputy Charles Bryan Andrews, in his individual capacity

Of Counsel:

**GRIFFITH & CARR**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153
Email: danny@griffithcarr.com

**CERTIFICATE OF SERVICE**

    I, Daniel J. Griffith, lead attorney of record for Defendants, Desoto County, Mississippi, and Deputy Charles Bryan Andrews, in his individual capacity, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses to Complaint* to be delivered VIA ECF FILING to the following Counsel of Record:

>Brandon Flechas, Esq.
>Philip Andrew Stroud
>The Stroud Law Firm PC
>5779 Getwell Road, C-1
>Southaven, MS 38672
>Phone: 662-536-5656
>Email: brandon@stroudlawyers.com
>Email: philip@stroudlawyers.com
>**Attorneys for Plaintiff**

    **DATED** this 21st day of December, 2015.

>*/s/Daniel J. Griffith*
>    Daniel J. Griffith