Last Updated: 4/27/2015
FORM 1 (ND/SD MISS. DEC. 2014)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

MANDY TAYLOR     **PLAINTIFF**

v.     CIVIL ACTION NO. **3:15-CV-187-MPM-SAA**

DESOTO COUNTY, MISSISSIPPI;     **DEFENDANTS**
DEPUTY CHARLES BRYAN ANDREWS.
in his individual capacity

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     3-4

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**     6-12

   **EXPERT TESTIMONY EXPECTED:** Yes     **NO. OF EXPERTS:** 1

   Expert on use of force in jail administration; treating or other medical sources

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   See paragraph 9.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. DEC. 2014)

4. **DISCLOSURE.**

   The following additional disclosure is needed and is hereby ordered:

   Defendant must produce copy of insurance policy to plaintiff no later than February 22, 2016.

5. **MOTIONS; ISSUE BIFURCATION.**

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will assist in the prompt resolution of this action. Accordingly, the Court orders that:

   If the claim for punitive damages remains viable, it may be bifurcated at trial.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production and Requests for Admissions are limited to __25__ succinct questions.

   C. Depositions are limited to the parties, experts, and no more than __5__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. DEC. 2014)

    **D.**    The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

The parties do not expect to perform any forensic searches on computer hard drives. The parties are not aware of any discoverable deleted ESI. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, however, the parties have agreed to produce paper copies of any electronically stored documents that are produced in response to document requests. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived. Nevertheless,counsel confirm that they have or will immediately (1) determine whether their clients have any potentially discoverable information which may be stored in electronic form and the type of electronic storage; (2) instruct their clients that they have an obligation to preserve and not to delete any ESI related to this matter, including but not limited to e-mails, electronic texts, social networking sites, word processing documents, spreadsheet documents, etc, and (3) instruct their clients to provide that ESI to counsel for the decision whether the ESI is discoverable and should be produced.

    **E.**    The court imposes the following further discovery provisions or limitations:

[✓] 1. Defendant may have a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff. The examination must be completed in time to comply with expert designation deadlines.

[✓] 2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

[✓] 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

[ ] 4. Other:

Additional Provisions: Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL 

   beginning on:  February 6, 2017 , at  9:40 ,  a.m. , in  Oxford ,

   Mississippi, before United States  District  Judge  Michael Mills .

   ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on:  January 5, 2017 , at  1:30 ,  p.m. ,

   in  Oxford , Mississippi, before United States  Magistrate 

   Judge  S. Allan Alexander .

   C. **Discovery.** All discovery must be completed by:  September 22, 2016 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

   filed by:  March 10, 2016 .

   E. **Experts.** The parties' experts must be designated by the following dates:

   1. Plaintiff(s):  June 22, 2016 .

   2. Defendant(s):  July 22, 2016 .

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: October 6, 2016 .The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: April 12, 2016 , at 9:00 , a.m. in Oxford , Mississippi, before United States Magistrate Judge S. Allan Alexander .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) December 29, 2016 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

February 9, 2016                s/ S. Allan Alexander
DATE                            UNITED STATES MAGISTRATE JUDGE